**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4889**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

      v.

ANTHONY HARLEY, a/k/a Fatboy,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, Chief District Judge.  (4:17-cr-01099-RBH-1)

Submitted:  May 16, 2019                    Decided:  May 20, 2019

Before DIAZ and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  Christopher Dolan Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Harley pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). The district court sentenced Harley to 151 months' imprisonment, the bottom of the 151- to 188-month advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning the district court's compliance with Rule 11 of the Federal Rules of Criminal Procedure and the validity of Harley's waiver of his right to appeal.[*] Harley was advised of his right to file a pro se supplemental brief but has not filed one. The Government declined to file a brief.

Because Harley did not move in the district court to withdraw his guilty plea, we review the guilty plea hearing for plain error. *United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Harley] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007). Even if Harley satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted). Our review

---

[*] Although Harley's plea agreement contains a waiver of the right to appeal his conviction and sentence, because the Government has not sought to enforce the waiver, we decline to enforce it sua sponte. *See United States v. Jones*, 667 F.3d 477, 486 (4th Cir. 2012).

of the record leads us to conclude that the district court complied with Rule 11 in accepting Harley's guilty plea, which Harley entered knowingly and voluntarily.

Turning to Harley's sentence, we review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. *Id.* If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. *Id.* at 328. We presume on appeal that a sentence within the properly calculated Guidelines range is substantively reasonable. *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017). "That presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted).

Upon review, we discern no procedural or substantive sentencing error by the district court. The district court correctly calculated Harley's advisory Guidelines range applying the career offender Guideline, heard argument from counsel, provided Harley an opportunity to allocute, and considered the relevant § 3553(a) sentencing factors. We have reviewed the record and conclude that Harley's within-Guidelines sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the

3

district court. This court requires that counsel inform Harley, in writing, of the right to petition the Supreme Court of the United States for further review. If Harley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harley. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*